EDWARD A. PATTISON and WILLIAM C. D. WILLSON, Appellants,
v. BRIDGET A. HINES, Respondent.

*Change of venue — review on appeal of an order granting it.*

The disposition to be made of a motion to change the venue of a transitory
action rests largely in the discretion of the Special Term, and the Appellate
Division will not disturb the determination of the Special Term unless such
discretion has been abused or unless it i~ clear that the determination resulted
from a palpable error.

APPEAL by the plaintiffs, Edward A. Pattison and another, from
an order of the Supreme Court, made at the Albany Special Term
and entered in the office of the clerk of the county of Rensselaer
on the 6th day of March, 1905, changing the place of trial of the
action from the county of Rensselaer to the county of Tompkins.

*Edward A. Pattison* and *William C. D. Willson*, appellants,
in person.

*Paul K. Clymer*, for the respondent.

CHASE, J.:

The plaintiffs are lawyers having their office at Troy, N. Y. One
of the plaintiffs resides in Rensselaer county and one in Saratoga
county. The defendant resides in Tompkins county. On the 5th
day of June, 1904, defendant was injured at Ithaca in a collision
between cars of the Ithaca Street Railway Company. The defend-
ant was employed for many years, prior to the accident, in the
family of the parents of the wife of one of the plaintiffs at Ithaca,
and after her injury there was a correspondence between the plain-
tiffs and the defendant which resulted in an agreement by which the
plaintiffs agreed to prosecute her claim against the Ithaca Street
Railway Company for damages sustained by her by said collision,
at a compensation to them stated in the agreement. On the 31st
day of October, 1904, one of the plaintiffs went from Troy to Ithaca
and a written memorandum of agreement was then signed by the
defendant. The plaintiffs then entered upon the duties required of
them by said agreement and did work and performed services, pur-
suant to said agreement, which resulted, early in December, 1904,

in an agreement between the street railway company and the defendant for a settlement of the defendant's claim against said street railway company. A few days thereafter plaintiffs received a letter from the defendant saying that she thought the fees and percentage she had agreed to pay them were outrageously large, and a few days after such letter the plaintiffs received a further letter from the defendant by which she withdrew her claim from the plaintiffs and discharged them as her attorneys. Plaintiffs then sent the defendant a bill for the amount claimed by them under said written agreement, and in reply thereto they received a letter from the attorney for the street railway company in which he stated that the plaintiffs were taking advantage of their client, and further stated that he had been retained by the defendant, and offering the plaintiffs a very much less sum for their services and disbursements. After some further correspondence this action was brought to recover for their services and disbursements under said agreement. An answer was interposed on behalf of the defendant by the attorney for said street railway company, in which she admitted the making of the contract, the withdrawal of the claim from the plaintiffs' possession and also that no part of the sum alleged to be due had been paid, and denied the other allegations of the complaint; the answer also affirmatively alleged that at the time said written contract was made the defendant was mentally unbalanced, physically very weak and totally incompetent to perform any acts involving the exercise of judgment; that said agreement was not understood or comprehended by the defendant and that the same was prejudicial to her true interests, and asked for the dismissal of the complaint. This motion was then made to change the place of trial from the county of Rensselaer to the county of Tompkins. An order was made changing the place of trial, from which order this appeal is taken.

It is unnecessary to go into a detailed statement of the affidavits read on the motion, but it appears from them that the accident in which the defendant was injured and to recover damages for which the agreement was entered into between the parties to this action, occurred in the county of Tompkins. The defendant, so far as appears from the record, was never in the county of Rensselaer, and all evidence relating to her injuries and her physical and mental condition at the time of the correspondence and the execution of

the written agreement must necessarily be obtained largely from people residing within the county of Tompkins. Plaintiffs' services in investigating the defendant's claim against the street railway company and in preparing for the possible litigation to arise therefrom, except so far as it was done in and from the plaintiffs' office, were performed in the county of Tompkins. The order was granted by the court at Special Term, and a large discretion is vested in such court that cannot be disregarded unless abused, or unless it is clear that it resulted from a palpable error. It is evident from the record that apart from parties and their employees and such experts as can only answer hypothetical questions relating to the value of the plaintiffs' services or the physical and mental condition of the defendant, a larger number of witnesses reside in Tompkins county than in Rensselaer county.

We do not find from the order, or anything that appears in the record, that the technical objections to the defendant's papers were made at the Special Term or at any time prior thereto.

The order should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.